IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **Kangdi Electric Vehicle (Hainan) Co., Ltd. and SC Autosports, LLC, dba Kandi America**<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES,**<br><br>　　　　　　　　　　Defendant. | **Court No. 1:25-cv-00202**<br><br>Before: _____,<br>　　　　　Judge |

## COMPLAINT

Plaintiffs Kangdi Electric Vehicle (Hainan) Co., Ltd. ("Kangdi"),and SC Autosports, LLC, dba Kandi America ("SC Autosports"), (collectively "Plaintiffs"), by and through their undersigned counsel, allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs seek review of the final affirmative determination of critical circumstances issued by the International Trade Administration ("ITA") of the U.S. Department of Commerce ("Commerce") under 19 U.S.C. § 1671d and 1673d as implemented in the Antidumping Duty Order on Certain Low Speed Personal Transportation Vehicles ("LSPTVs") from the People's Republic of China (case no. A-570-176). The Final Antidumping Duty Determination was published on August 12, 2025 (the "AD Order"). See Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China: Amended Final Antidumping Duty Determination and Antidumping Duty Order, 90 Fed. Reg. 38759 (August 12, 2025).

### JURISDICTION

1

2. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i) and 28 USC § 2631(c). The Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

3. Plaintiffs Kangdi and SC Autosports are, respectively, a foreign manufacturer and a U.S. importer of merchandise subject to the determination being challenged in this action. Plaintiffs are interested parties within the meaning of 19 USC §§ 1677(9)(A) and 1516a(f)(3), and 28 USC §2631(k)(1). Kangdi actively participated in the investigation by filing an entry of appearance, separate rate application, case brief, and rebuttal brief. An entry of appearance was filed on SC Autosports's behalf. Therefore, Plaintiffs are parties to the proceeding and have standing to commence this action pursuant to 19 USC § 1516a(d) and 28 USC §2631(c).

## TIMELINESS OF ACTION

4. Plaintiffs timely filed this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and pursuant to Rules 3(a)(2) and 6(a) of this Court by filing the summons in this action on September 11, 2025, within (30) thirty days after Commerce published the Amended Final Antidumping Duty Order in the Federal Register that implemented Commerce's affirmative critical circumstances finding relating to Certain Low-Speed Personal Transportation Vehicles from the People's Republic of China. See AD Order. The instant complaint is also timely filed within thirty (30) days of the filing of the summons. See Local Rule 6(a)(1)(C) and 6(a)(6)(A). Therefore, both the summons and complaint have been filed within the statutory time limits set forth in 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and in 28 U.S.C. § 2636(c).

## FACTUAL ALLEGATIONS

5. This case involves the AD Order on low speed personal transportation vehicles from the People's Republic of China issued in connection with case no. A-570-176.

6. On July 10, 2024, Commerce initiated an antidumping investigation of low speed personal transportation vehicles from China. Notice of the initiation was published on July 16, 2024 (89 FR 57865). On August 23, 2025, Commerce recommended Guangdong Lvtong New Energy Electric Vehicle Technology Co., Ltd., ("Guangdong Lvtong") and Xiamen Dalle New Energy Automobile Co., Ltd. ("Xiamen Dalle") be selected as mandatory respondents.

7. On October 22, 2024, Petitioner filed a critical circumstances allegation with Commerce, alleging that there had been massive imports of subject LSPTVs over a relatively short period of time following the filing of the petition. See Letter from Wiley Rein LLP to Sec'y Commerce, re: Low-Speed Personal Transportation Vehicles from the People's Republic of China: Critical Circumstances Allegations (Oct. 22, 2024), at 11-12.

8. Counsel for Plaintiffs filed entries of appearances, and Kangdi filed a Separate Rate Application, case brief, and rebuttal brief in the investigation.

9. On January 23, 2025, Commerce issued its Decision Memorandum for the Preliminary Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China. The Notice of Preliminary Affirmative Determination of Sale at Less-Than-Fair-Value Investigation, Preliminary Affirmative Determination of Critical Circumstances, Postponement of Final Determination and Extension of Provisional Measures was published in the Federal Register on January 30, 2025. See 90 Fed. Reg. 8517.

10. On June 23, 2025, Commerce published its Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part. See 90 Fed. Reg. 26530. Commerce also issued an unpublished Issues and Decision Memorandum dated June 16, 2025, that addressed, *inter alia*, Commerce's critical circumstances findings. See Memorandum from Scot Fullerton to Abdelali Elouaradia, Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Certain Low Speed Personal Transportation Vehicles from the People's Republic of China, June 16, 2025 (barcode 4779334-02) ("Issues and Decision Memorandum").

11. On August 12, 2025, Commerce published an amended final determination and antidumping duty order in this investigation. See AD Order.

12. Commerce ultimately determined that the United States is materially injured by reason of imports of LSPTVs from China sold at less than fair value. Id.

13. To make a final affirmative critical circumstances determination in an antidumping investigation, Commerce must satisfy a two part analysis: (1) determine that there is a history of dumping and material injury by reason of dumped imports of subject merchandise or that the importer "knew or should have known that the exporter was selling the subject merchandise at less than its fair value and that there would be material injury by reason of such sales" and (2) find that "there have been massive imports of the subject merchandise over a relatively short period." See 19 U.S.C. §§ 1673d(a)(3)(A) and (B).

14. As presented to Commerce, the record of the present investigation shows that Chinese producers of LSPTVs produce LSPTVs based on seasonal trends. The import patterns

4

from the three years prior to the filing of the petition demonstrate the same seasonality.

15. Commerce erroneously determined the three years of import data that Kangdi referenced in its case brief to be untimely. The case brief itself was timely submitted, and the import data therein was already part of the record, as it was submitted by Petitioner on October 23, 2024, when it made its Critical Circumstances Allegation.

16. Commerce failed to consider the seasonal trends of production when making its Final Affirmative Determination of Critical Circumstances.

17. Furthermore, Commerce utilized import data for HTSUS subheading 8703.10.5030 to determine whether imports by separate-rate companies were "massive."

18. HTSUS subheading 8703.10.5030 is a basket category that encompasses significant quantities of non-subject merchandise.

19. In its Issues and Decision Memorandum, Commerce stated that it "ha[d] not considered the use of other HTSUS subheadings for its analysis because there is nothing on the record indicating that the import data for HTSUS 8703.10.5030 is not reliable." See Issues and Decision Memorandum, at 14.

20. Commerce failed to consider the arguments raised that a significant amount of non-subject merchandise is included in the import statistics used to analyze whether there were "massive" surges in imports for non-examined separate rate companies.

## STATEMENT OF CLAIMS

21. The final affirmative determination of critical circumstances issued by Commerce regarding imports of Certain Low-Speed Personal Transportation Vehicles From the People's Republic of China, as implemented in the Antidumping Duty Order, is

5

unsupported by substantial evidence and is otherwise not in accordance with law, as discussed in each Count below.

## COUNT I

22. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 21 above as if set forth fully herein**.**

23. Commerce is required to consider seasonal trends when determining whether imports of subject merchandise have been "massive" pursuant to 19 C.F.R. § 351.206(h)(1)(ii).

24. Commerce failed to take into account the seasonal trends of the subject merchandise despite having import data for the three years prior to the period of investigation on the record illustrating seasonal trends and despite multiple parties raising this claim in the investigation.

25. Commerce's affirmative determination of critical circumstances is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to whether there was a "massive" surge of imports.

## COUNT II

26. Plaintiff incorporates by reference the allegations and facts set forth in paragraphs 1 through 21 above as if set forth fully herein**.**

27. Commerce used HTSUS subheading 8703.10.5030 to determine whether there had been a "massive" surge of imports by imports by non-examined separate-rate companies.

28. HTSUS subheading 8703.10.5030 is a basket category that encompasses significant quantities of non-subject merchandise and therefore import data for non-subject merchandise was unjustly included in the import data Commerce analyzed to determine whether there were critical circumstances for the non-examined separate-rate companies.

29. Commerce's affirmative determination of critical circumstances is therefore not supported by substantial evidence and is otherwise not in accordance with law with respect to the use of import statistics for HTSUS subheading 8703.10.5030.

## PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests that this Court:

1) hold that Commerce's final affirmative critical circumstances determination is unsupported by record evidence and is otherwise not in accordance with law; and,

2) remand the final critical circumstances determination with instructions to issue a new determination to correct the errors set forth in this Complaint; and

3) provide Plaintiffs such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**LIANG + MOONEY, PLLC**
/s/ Shanshan Liang
Shanshan Liang, Esq.
Fla. Bar No. 112991
Email: sliang@customscourt.com
and
/s/ Johnathan Foege
Johnathan W. Foege
Florida Bar No. 1047550
Email: jfoege@customscourt.com
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Telephone: (850) 893-0670
*Counsel for Kangdi Electric Vehicle (Hainan) Co., Ltd. and SC Autosports, LLC, dba Kandi America*

## Certificate of Service

I hereby certify that I caused a copy of the foregoing COMPLAINT to be served upon the following persons by certified mail, return receipt requested, on this 14th day of October, 2025.

**United States**

Attorney in Charge
International Trade Field Office
Department of Justice, Civil Division
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

Supervising Attorney
Civil Division – Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**U.S. Department of Commerce**

General Counsel
Office of the General Counsel
U.S. Department of Commerce
14th & Constitution Avenue NW
Mail Stop 5875 HCHB
Washington, DC 20230

**American Personal Transportation Vehicle Manufacturers Coalition**

Robert E. DeFrancesco
Wiley Rein LLP
2050 M Street, NW
Washington, DC 20036
Email: RDeFrancesco@wiley.law, wileytrade@wiley.law

**Yamaha Motor Manufacturing Corporation of America**

James P Durling
Curtis, Mallet-Prevost, Colt & Mosle LLP

1717 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: 202-452-7373
Email: jdurling@curtis.com

**Guangdong Lvtong New Energy Electric Vehicle Technology Co., Ltd., Dongguan Excar Electric Vehicle Co., Ltd., SHANDONG YONGLI NEW ENERGY VEHICLE INDUSTRY CO., LTD., SHANGHAI DACHI AUTO POWER CO., LTD., Zhejiang Taotao Vehicles Co., Ltd., Yangzhou Whanlong Electric Vehicle Co., Ltd. and Taiyuan Steel Engineering Corp., Ltd.**

Dharmendra N Choudhary
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP
1201 New York Ave., NW
Suite 650
Washington, DC 20005
Phone: 2027836881
Email: dchoudhary@gdlsk.com


**Nivel Parts & Manufacturing Co., LLC**

David M. Morrell
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
Email: dmorrell@jonesday.com


**Jiaxing Leroad Special Vehicles Co., Ltd.**

Hui Cao
Steptoe LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Phone: 2024291306
Email: hecao@steptoe.com


**Suzhou Eagle Electric Vehicle Manufacturing Co., Ltd., Greenman Electric Vehicles Co., Ltd.; Taizhou Yoki Carts Co., Ltd; and Jiangsu FMX Electric Vehicle Co., Ltd.**

Irene H Chen
VCL Law LLP
1945 Old Gallows Road
Ste 260

Vienna, VA 22182
Phone: 3017607393
Email: ichen@vcllegal.com

**GUANGZHOU LANGQING ELECTRIC CAR CO., LTD.; Guangzhou Sachs Bikes Technology Co., Ltd.; LuckyRam Technology Co., Ltd., Shanghai Helios New Energy Technology Co., Ltd., Shenzhen Lento New Energy Electric Vehicle Co.,Ltd, and Guangzhou Rariro Vehicle Co., LtdGUANGDONG YATIAN INDUSTRIAL CO., LTD.; Guangzhou BorCart Electric Vehicle Co., Ltd., Suzhou Wintao Intelligent Technology Co., Ltd.**

David Craven
Craven Trade Law LLC
3744 N Ashland
Chicago, IL 60613
Phone: 7737098506
Email: david.craven@tradelaw.

**Wuxi Yaxi Electric Vehicle Sales Co., Ltd.; Xingtel Xiamen Group Co., Ltd.; Shenzhen Aoxiang Industrial Development Co., Ltd.**

Adams Lee
Harris Sliwoski LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101
Phone: 2062245657
Email: adams@harris-sliwoski.com

**Xiamen Dalle New Energy Automobile Co., Ltd.**

Mark Ludwikowski, Esq.
Clark Hill PLC
1001 Pennsylvania Ave., NW
Suite 1300 South
Washington, DC 20004
Phone: 2027720909
Email: mludwikowski@clarkhill.com

**Polaris Industries Inc., Shanghai Yixing Power Technology Co., Ltd. and Shanghai Sirius International Trading Co., Ltd**

Kristin H. Mowry
Mowry & Grimson PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
Phone: 202-688-3610
Email: khm@mowrygrimson.com

**STAR EV Corporation**

David Robinson
Maynard Nexsen PC
4141 Parklake Avenue
Suite 200
Raleigh, NC 27612 USA
Phone: 9197551800
Email: drobinson@maynardnexsen.com

**Lvtong USA Golf Cars, LLC**

Rosa S. Jeong
Greenberg Traurig, LLP
2101 L Street NW
Suite 1000
Washington DC 20037
Phone: 2023313100
Email: jeongr@gtlaw.com

**Qingdao Beemotor New Energy Vehicle Co., Ltd.**

Gregory Menegaz
The Inter-Global Trade Law Group PLLC
1156 15th Street, NW
Suite 1101
Washington, DC 20005
Phone: 202-868-0300
Email: gmenegaz@igtlaw.com

**Anhui Huaxin Electric Technology Co., Ltd.; GD EVTONG NEW TECH CO., LTD; SHANDONG QIAOKE NEW ENERGY AUTO INDUSTRY CO., LTD; Top New Energy Technology (Dongguan) Co.,Ltd; Wuxi Hio Special Vehicle Co., Ltd.; Suzhou Alwayz**

11

**Electric Vehicle Manufacturing Co., Ltd.; Alwayz Electric Vehicle (Chuzhou) Co., Ltd.; GUANGDONG MARSHELL ELECTRIC VEHICLE CO.,LTD; Suzhou Lexsong Electromechanical Equipment Co., Ltd.; GUANGDONG YITONG NEW ENERGY TECHNOLOGY CO.,LTD**

Xiaohua Hou
Commerce & Finance Law Offices
12-14th Floor, China World Office 2, No. 1 Jianguomenwai Avenue, Beijing 100004, China
Phone: 861065637181
Email: xiaohuahou@tongshang.com

**Haike EV Co.,Ltd**

Brian Sun
Haike EV., Co. Ltd.
Room 1008, Building 2, Qisheng Building,Shandong China
Phone: +8617862919910
Email: brian.sun@kinghike.com

**Kinghike Vehicle Co.,Ltd.**

Julian Zhu
24-F18, Building 3, Aosheng Building, No. 1166 Xinluo Street, High-tech Zone, Jinan City, Shandong Province
Phone: +13685182796
Email: julian.zhu@kinghike.com

            /s/ Shanshan Liang
            Shanshan Liang, Esq.